UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JERMARCUS STARNES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:14-CV-1926 RM |
| SUPERINTENDENT, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Jermarcus Starnes, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 14-07-206) in which he was found guilty of assault in violation of A-102, deprived of 90 days earned credit time, and demoted to credit class 2. Mr. Starnes presents four grounds in his petition.

First, he asks the court to review video of the assault because it's not him on the video. However, he acknowledges that he didn't present this ground to the final reviewing authority. Under 28 U.S.C. § 2254(b), before this court can consider a habeas corpus claim challenging a prison disciplinary proceeding, that claim must have previously been presented to the final reviewing authority. Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). Because this claim wasn't presented, it's procedurally defaulted. Procedural default can be excused if the petitioner can show cause and prejudice. Mr. Starnes explains that he forgot to include this claim during his administrative appeal. Forgetfulness is not cause sufficient to excuse procedural default. *See* Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003).

Second, Mr. Starnes says he wasn't given the victim's name. Due process doesn't require disclosure of the victim's name; it only require that he be given the factual basis of the charge against him. Northern v. Hanks, 326 F.3d 909, 911 (7th Cir. 2003). Mr. Starnes was informed that a review of video showed that:

> around 853 am offender Starnes was on the 500 S of BCH. The victim confronted him and offender Starnes cornered him on the range. The victim then left the range and offender Starnes went down to B529. Moments later, on the 300N camera, offender Starnes is seen striking someone (unidentifiable by the camera) at the end 300N. Within seconds the officer arrived and the offenders vacated the area. Two weapons involved have been recovered as well as a laundry bag that was used in an attempt to clean the blood up.

DE 5-2. This was enough information to provide him with the factual basis of the charge.

Third, Mr. Starnes says he was under investigation because he had a black eye and a cut on his arm. The reason for the investigation isn't a basis for habeas corpus relief. He also argues that if the victim was injured or fought back, that inmate should also have been charged. What was, wasn't or should have been done with someone else isn't a basis for habeas corpus relief. Indeed, under the facts of this case, it wouldn't even have been necessary for the guards to have ever identified the victim to have charged and found Mr. Starnes guilty of assault. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks

and citations omitted). Video of Mr. Starnes attacking someone else (even an unknown person) is enough evidence to support the decision of guilt.

Finally, Mr. Starnes argues that he wasn't allowed to see all of the evidence he requested and that was considered by the DHO. "[P]rison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001), so this argument isn't a basis for habeas corpus relief.

For these reasons, the petition is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED.

ENTERED: March 3 , 2016

                                       /s/ Robert L. Miller, Jr.
                                       Judge
                                       United State District Court